LOCAL 1–2, UTILITY WORKERS OF AMERICA, Plaintiff,

v.

Henry J. HELMER, Kevin Jenkins, Sam Papa, Patrick Benvicengo, Philip Varrichio, John Walsh, James Moffett, Anthony Picarello, Louis Bartolomeo, James Dugard and Michael Barbato, Defendants.

No. 89 Civ. 2019 (RPP).

United States District Court, S.D. New York.

April 12, 1990.

Lewis Greenwald Kennedy Lewis Clifton & Schwartz, Arthur Schwartz, Donald F. Menagh, P.C., Vito Mundo, New York City, for plaintiff.

Thomas A. Stickel, New York City, for defendants.

MEMORANDUM DECISION

ROBERT P. PATTERSON, Jr., District Judge.

With regard to the motion of plaintiff Local 1–2, Utility Workers Union of America (Local 1–2), for a default judgment, the Court denies the motion because the late filing of an answer was due to the excusable neglect of defendants. Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court retroactively enlarges the time so

that the currently filed answer and counterclaims are deemed timely filed.

With regard to defendants' motion to vacate the Order of October 6, 1989, voluntarily dismissing the individual plaintiffs, the Court grants the motion. The voluntarily dismissed plaintiffs are reinstated, pursuant to the discretion granted to the Court by Federal Rule of Civil Procedure 41(a)(2). Federal Rule of Civil Procedure 41(a)(1) does not apply because the Court grants permission under Federal Rule of Civil Procedure 6(b)(2) to file the late answer. Defendants have, however, voluntarily withdrawn the late answer and counterclaims in their appearance in Court on April 12, 1990. Therefore leave is hereby granted to plaintiffs to file a voluntary dismissal form.

With regard to Local 1–2's motions to dismiss the first, second and fourth counterclaims of Mr. Jenkins, the Court grants the motions. The first count alleging a By–Laws violation, is dismissed for lack of standing because Mr. Jenkins is not a member of the Union and not a party to the By–Laws contract. The second and fourth counterclaims for malicious prosecution and abuse of process are dismissed because these claims are not viable until this suit has been terminated in favor of Mr. Jenkins.

With regard to Local 1–2's motion for partial summary judgment on the third counterclaim of Mr. Jenkins, the Court grants the motion in so far as that counterclaim requests more than $66.00 per hour. Mr. Jenkins had knowledge that a higher hourly rate required the approval of membership upon recommendation of the Executive Committee and the membership's approval was not obtained and the Executive Committee's decision to make such a recommendation has been rescinded.

With regard to Local 1–2's motion for summary judgment on the mail fraud allegations against Mr. Jenkins, the Court denies the motion because there are genuine issues of material fact.

With regard to Mr. Jenkins's cross-motion for summary judgment, the Court de-

nies the motion because there are genuine issues of material fact.

With regard to the motion of the other defendants for summary judgment filed on November 6, 1989, the defendants have voluntarily withdrawn the motion in an appearance before the Court on April 12, 1990.

IT IS SO ORDERED.